# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HOA NGUYEN,
              Appellant,

v.

DEPARTMENT OF COMMERCE,
              Agency.

DOCKET NUMBER
DC-0752-14-0767-I-1

DATE: April 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James L. Kestell</u>, Esquire, Falls Church, Virginia, for the appellant.

<u>Holly Runge</u> and <u>Wade Norman</u>, Alexandria, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant worked for the agency as a Supervisory Patent Examiner (SPE). Initial Appeal File (IAF), Tab 1 at 7. On September 6, 2013, the agency proposed to demote her to a Patent Examiner position for improper conduct. IAF, Tab 19 at 10. The deciding official notified the appellant on October 18, 2013, that she was sustaining the charge and demoting the appellant effective October 20, 2013. *Id.* at 6-8. The appellant retired effective October 19, 2013, rather than accept the demotion to the lower-graded position. IAF, Tab 1 at 7, Tab 8 at 9. After her retirement, the appellant contacted the agency's equal employment opportunity (EEO) office and filed a discrimination complaint alleging that she was forced to retire and that she was demoted based on her race and national origin. IAF, Tab 1 at 12-13. The agency issued a final agency decision that found no discrimination relating to her demotion or alleged constructive discharge and advised the appellant of her Board appeal rights. *Id.* at 26.

¶3    The appellant initiated a Board appeal alleging that the agency involuntarily forced her to retire.[2]  *Id.* at 4.  The administrative judge issued a show cause order directing the appellant to submit evidence and argument that the Board had jurisdiction over her appeal.  IAF, Tab 3 at 5.  The administrative judge informed the appellant that only if she made a nonfrivolous allegation that her retirement was involuntary would she receive a hearing on jurisdiction.  *Id.*  The appellant submitted an affidavit and five attachments in response to the administrative judge's order.  IAF, Tabs 8-14.

¶4    The administrative judge issued an initial decision, based on the parties' written submissions, dismissing the appeal for lack of jurisdiction.  IAF, Tab 20, Initial Decision (ID) at 1.  The administrative judge concluded that the appellant retired to avoid being demoted and that she failed to make a nonfrivolous allegation that her retirement was involuntary.  ID at 10.  The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition for review, and the appellant has submitted a reply.  PFR File, Tabs 3-4.

The appellant has not made a nonfrivolous allegation that her retirement was involuntary.

¶5    The appellant argues in her petition for review that the administrative judge erred when she found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary.  PFR File, Tab 1 at 3; ID at 10.  We disagree.

¶6    An employee's retirement is presumed to be a voluntary action and, as such, outside the Board's appellate jurisdiction.  *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009).  An involuntary retirement, however, is tantamount to a removal and, accordingly, is appealable to the Board.  *Id.*  To

---

[2] The appellant also alleged in her initial appeal that the agency denied her a within grade increase.  *Id*. at 4.  The appellant subsequently withdrew this allegation and only pursued the involuntary retirement issue.  IAF, Tab 5 at 4.

establish entitlement to a hearing on jurisdiction, an appellant need not allege facts which, if proven, definitely would establish that the retirement was involuntary; she need only allege facts which, if proven, could establish such a claim. *Frison v. Department of the Army*, 94 M.S.P.R. 431, ¶ 4 (2003).

¶7      It is well settled that most retirements are not constructive removals and that the "'doctrine of coercive involuntariness is a narrow one' requiring that the employee 'satisfy a demanding legal standard.'" *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006). To establish Board jurisdiction over a constructive adverse action, such as an involuntary retirement, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). An appellant may overcome the presumption of voluntariness by presenting sufficient evidence to establish that the action was obtained through duress or coercion or show that a reasonable person would have been misled by the agency.[3] *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). The touchstone of the voluntariness analysis is whether, considering the totality of circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* Factors the Board will consider include undue time pressure on retirement decisions and agency bad faith in encouraging retirement, as well as unreasonably difficult working conditions caused by the agency. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007). Application of the totality of the circumstances test must be gauged by an objective standard rather than by the employee's purely subjective evaluation.

---

[3] Although the appellant alleges she has engaged in no wrongdoing, she has not contended that the agency knew or should have known that its demotion action could not be substantiated or that the agency lacked an arguable basis for the proposed action. PFR File, Tab 1 at 27-28; *see Schultz v. Department of the Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *see also Garland v. Department of the Air Force*, 44 M.S.P.R. 537, 540 (1990).

*Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995). The appellant argues that she was coerced into retiring because the agency did not provide her with sufficient time to decide whether to accept the demotion or to retire. PFR File, Tab 1 at 21. The appellant alleges that her appeal is similar to other cases where the Board and courts found that an agency engaged in bad faith when it required a decision from the employee on the same day. *Id.* at 20-21.

¶8    The cases cited by the appellant do not support a finding that her retirement was coerced.[4] For example, while the Board in *Bravman v. Department of the Navy*, 26 M.S.P.R. 169, 171, 173 (1985), recognized that time pressure may result in an involuntary action, it declined to find in that case that the appellant's resignation, submitted to avoid removal, was involuntary. Also, in *White v. Department of the Treasury*, 3 M.S.P.R. 488, 490-91 (1980), *modified on other grounds by Stephen v. Department of Air Force*, 47 M.S.P.R. 672 (1991), the Board found the appellant's demotion was involuntary not only because of the short time to consider the agency's offer but also because, only 4 days prior, the appellant had agreed to a lateral transfer that was not actually available, resulting in the demotion offer.

¶9    As the appellant acknowledges, the Board has held that 10 days to decide between options is not coercive. *See Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 10 (2002); *see also* PFR File, Tab 1 at 21. Here, the appellant had approximately 6 weeks to consider her options as she was notified that she may be demoted on September 6, 2013, and was informed on October 18, 2013, that she would be demoted effective October 20, 2013. IAF, Tab 19 at 6-8. We have previously held a similar period of time to be sufficient for an employee to make a voluntary decision. *Ryals v. Department of the Army*,

---

[4] The appellant cites the case of *District of Columbia Metropolitan Police Department v. Stanley*, 942 A.2d 1172 (D.C. 2008), in support of her coercion argument. However, this case does not involve federal employees or the application of 5 U.S.C. § 7701.

14 M.S.P.R. 409, 412 (1983) (finding that a period of 7 weeks for the appellant to make a decision from the date of the proposal notice, including 1 week from the letter of decision, was not coercive). Therefore, we find the appellant was not coerced to retire due to insufficient time to consider her options.

¶10 In addition, the appellant's own description of the events leading up to her retirement fails to include allegations that the agency imposed the terms of her retirement. The agency informed the appellant in its decision letter on her demotion that she would be placed in a GS-14 position and advised her of her Board appeal rights. IAF, Tab 19 at 6, 8-9. The appellant received this letter on the morning of October 18, 2013. IAF, Tab 10 at 5. Immediately after receiving the letter, the appellant met with her supervisor to receive her annual performance review. *Id.* at 6-7. Shortly after receiving her review, but still that same morning, the appellant met with her supervisor again regarding a missing signature from the review, and during that meeting she mentioned to her supervisor for the first time that she might quit. *Id.* at 7. Later that morning, the appellant had another interaction with her supervisor when two information technology staff members attempted to retrieve her computer. *Id.* at 8. The appellant alleged that her supervisor said he ordered the computer retrieved because the appellant said she was going to quit and that he attempted to get her to make her decision immediately. IAF, Tab 10 at 8, Tab 11 at 4. However, according to the appellant, she told him that she would not make her decision at that time. IAF, Tab 10 at 8, Tab 11 at 4. The appellant does not allege any further interaction with her supervisor until she sent him an email that same afternoon at 3:29 p.m. alleging that he was forcing her to retire. IAF, Tab 11 at 4, Tab 12 at 4.

¶11 Next, the appellant alleges that during the next 30 minutes, between 3:30 p.m. and 4:00 p.m. on that date, that: (1) her supervisor and another supervisor came to her office and informed her that she needed to take time to make her decision whether to quit; (2) she had a conversation with another SPE

about some cases assigned to her; (3) she noticed her supervisory functions had been removed in the computer system and the demotion made effective in the computer system showing her as a Patent Examiner and no longer as an SPE; (4) she went to the human resources office to obtain a retirement package; and (5) she completed and submitted her retirement paperwork to human resources. IAF, Tab 11 at 4-7. Nevertheless, she claimed that, even after submitting her retirement paperwork, she emailed the deciding official to attempt to negotiate an alternative to her demotion. *Id.* at 7. She added that her supervisor then reiterated in an email at 4:29 p.m. that it was her decision "whether to resign" and that he never intended to force her to make a decision. IAF, Tab 12 at 4. Lastly, the appellant alleged that she worked from home on the next day, Saturday, October 19, which was also the effective date for the start of her retirement.[5] IAF, Tab 1 at 7, Tab 11 at 5. Based on these facts, we find that no one from the agency ever directed the appellant to retire or limited her decision-making time. Rather, agency officials told her that it was her decision to make on her own schedule.[6] IAF, Tab 11 at 4, Tab 12 at 4. The appellant

---

[5] The agency never addressed whether it agreed with the appellant that she worked from home on this date, as she claimed. However, it is doubtful that the agency would agree, given that the agency processed her Standard Form 50 reflecting her retirement on October 19, 2013. The appellant is not asking that the Board order the agency to reimburse her for any salary she believes that the agency may owe her for this date when she supposedly worked and retired simultaneously. In any event, nothing in the record would suggest that the appellant worked, or returned to work, the following Monday, October 21, 2013.

[6] The appellant argues on review that the administrative judge erred by viewing disputed facts in a manner not favorable to her. PFR File, Tab 1 at 16-17. The appellant is correct that the administrative judge may not weigh evidence or resolve conflicting assertions at the jurisdictional stage. *See Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 6 (2009). However, we do not find that the administrative judge made such an error. The appellant has not pled sufficient facts gauged by an objective standard that establish the Board's jurisdiction over her involuntary retirement appeal. *See Heining*, 68 M.S.P.R. at 519-20 (the totality of circumstances of the voluntariness of a retirement is gauged by an objective standard rather than by the employee's purely subjective evaluation).

argues that she received the email from her supervisor after she submitted her retirement papers; however, she ignores the fact that she is asserting that she was still attempting to negotiate an alternative to her discipline even after submitting her retirement papers and that she worked from home on a Saturday, which was the first day she asked to begin her retirement. PFR File, Tab 1 at 4; IAF, Tab 11 at 5, 7. Thus, we find that the appellant's actions (her negotiations and her alleged return to work on October 19) after she submitted her retirement packages appear to belie her statement that she felt coerced by her supervisor, given that she continued to weigh her options.

¶12 The fact that an employee's choices may have been limited to unpleasant alternatives does not make her decision to retire involuntary. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 10 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). Here, instead of retiring, the appellant could have challenged her demotion by filing an EEO complaint or Board appeal. *See Baker v. U.S. Postal Service*, 84 M.S.P.R. 119, ¶ 23 (1999).

¶13 The appellant argues, moreover, that the administrative judge erred in finding her claims vague, conclusory and general. PFR File, Tab 1 at 25-26; ID at 10. We agree with the appellant that she provided a detailed account of events surrounding her retirement. PFR File, Tab 1 at 26. Nonetheless, her account does not allege facts that, if proven, would show that her retirement was coercive and thus involuntary.

¶14 Finally, the appellant argues that the administrative judge did not consider her discrimination claims as support for her involuntariness argument. PFR File, Tab 1 at 27-28. We disagree. The administrative judge found the appellant's claims of a hostile work environment were insufficient to constitute a nonfrivolous allegation of involuntary retirement. ID at 10. When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness. *Hosozawa v. Department of Veterans Affairs*,

113 M.S.P.R. 110, ¶ 5 (2010). The appellant alleged in her EEO complaint that the agency took its action based on her race and national origin. IAF, Tab 1 at 12. Yet, nothing in the appellant's twenty-page sworn declaration or any other documents she submitted contain any evidence or statements beyond general references that other employees were treated differently for similar activity. IAF, Tabs 8-13. The appellant continues to argue on review that the agency's investigation into her conduct and her subsequent demotion created a hostile environment. IAF, Tab 8 at 17; PFR File, Tab 1 at 27-28. However, we find that she has not made allegations that, if proven, could show that a reasonable person in her circumstances would have viewed retirement as the only viable alternative.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.